AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

FILED

DEC – 8 2009

CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Newport News Division

UNITED STATES OF AMERICA

v.

**MICHAEL O. WATKINS**

Defendant.

Case Number:     4:08cr00123-004

USM Number:     58387-083

Defendant's Attorney: James S. Ellenson, C/A

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2, and 3 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1951(a) and 2 | Obstruct, Delay, and Affect Commerce by Robbery | Felony | 7/25/08 | 1 |
| 18 U.S.C. 924(o) and 2 | Conspiracy to Possess and Brandish a Firearm in Furtherance of a Crime of Violence | Felony | 7/25/08 | 2 |
| 18 U.S.C. 924(c)1) and 2 | Possession of a Firearm in Furtherance of a Crime of Violence | Felony | 7/25/08 | 3 |

As pronounced on December 7, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _8_ day of _December_ 2009.

Robert G. Doumar
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

---

| | |
|---|---|
| Case Number: | 4:08cr00123-004 |
| Defendant's Name: | MICHAEL O. WATKINS |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO HUNDRED FIFTY-FOUR (254) MONTHS.**

This term consists of ONE HUNDRED SEVENTY (170) months on Count 1 and a term of ONE HUNDRED SEVENTY (170) months on Count 2, to be served concurrently. This term also consists of EIGHTY-FOUR (84) months on Count 3, to be served consecutively to all other sentences.

The Court recommends that the defendant be placed in a mental health program while in prison.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By      _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Case Number:      4:08cr00123-004
Defendant's Name:    MICHAEL O. WATKINS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS.**

This term consists of THREE (3) years on Count 1, a term of THREE (3) years on Count 2 and a term of FIVE (5) years on Count 3, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Case Number:        4:08cr00123-004
Defendant's Name:   MICHAEL O. WATKINS

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid partially by the defendant as may be directed by the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

5) At directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation of the special assessment of $300.00.

6) The defendant shall develop a vocational skill during his period of supervision  if not previously obtained, or an educational skill if not employed full-time while on supervision.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| Case Number: | 4:08cr00123-004 |
| Defendant's Name: | MICHAEL O. WATKINS |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$0.00** |

No fines or restitution have been imposed in this case.

The money received into evidence at the time of the trial shall be released and returned by the United States Attorney to Solo Convenience Store, 1255 North King Street, Hampton, VA 23669.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Defendant's Name:    **MICHAEL O. WATKINS**
Case Number:    **4:08cr00123-004**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Any balance remaining unpaid on the special assessment at the inception of supervision shall be paid by the defendant in installments of not less than $50.00 per month, until paid in full.  Said payments shall commence 60 days after defendant's supervision begins.

The special assessment shall be due in full immediately.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment and shall, from time to time, notify the court of any changes that may be needed to be made to the payment schedule for the payment of the special assessment.

Any special assessment payments may be subject to penalties for default and delinquency.

Since this judgment imposes a period of imprisonment, payment of the special assessment, that is the criminal monetary penalty, shall be due during the period of imprisonment.  All criminal monetary penalty payments including the special assessment are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or special assessment by the United States.